UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **NIKOLAY RASTORGUEV,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **DAVID SEPIACHVILI,** § | Civil Action No. 5:18-cv-00966-FB |
| **DAVID A. SEPIASHVILI,** § | |
| **ATERRA EXPLORATION, LLC,** § | |
| **SOUTHTEX ENERGY CORP.,** § | |
| **LEVEL ONE ADVISORS, INC., and** § | |
| **TIGHT ROCK COMPANY, LLC,** § | |
| § | |
| Defendants. § | |

## RESPONSE TO MOTION TO DISMISS

Plaintiff Nikolay Rastorguev files this response in opposition to Defendants' Motion to Dismiss and states as follows:

1. Rastorguev sues for allegedly fraudulent sales of oil and gas investments. Defendants move to dismiss. The motion is premised on an unsupported and inaccurate assertion that "The transactions between Plaintiff and Defendants do not arise from any transactions in securities, as defined in the Exchange Act, and there is, therefore, no basis of jurisdiction of the subject matter of this case in this Court …." Motion ¶4. The motion contains no analysis, case law, or reference to the Complaint including the claims set out below. *See* Local Rule CV-7(d)(1). The motion is not correct and should be denied.

2. Rastorguev alleges that he was induced by fraud into investing in a Special Purpose Loan Agreement to fund the purchase of an oil and gas lease, with profits to

come solely from the efforts of the promoter Defendants. Complaint ¶¶20-26 and Ex. A Sections 2.2 (Purpose of the Loan), 3.1-3.2 (Management). In return for his investment Rastorguev was promised 7% interest, 53% of the net proceeds if the lease was sold, and a participation in the lease if it was developed by drilling. *Id. at*, Ex. A Sections 2.3 (Consideration for the Loan) and 4.1B (division of Net Proceeds). Section 9.16 of the agreement states in part that "The parties are 'accredited investors' as defined in Regulation D promulgated pursuant to the Securities Act."

3. Rastorguev also alleges that he was induced by fraud into purchasing 500 shares of common stock in a new company called SouthTex Energy Corporation. Complaint ¶¶30-36 and Ex. D. The stated purpose of the venture was to purchase oil and gas wells and develop them by water flushing or hydraulic fracturing. *Id. at* Ex. D p. 2 (Project). As with the Special Purpose Loan Agreement, profits were to come solely from the efforts of the promoter Defendants. *Id.* at Ex. D, pp. 5-6 (Management).

4. The Exchange Act defines a security as follows:

> The term "security" means <u>any note, stock</u>, treasury stock, security future, security-based swap, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, <u>investment contract</u>, voting-trust certificate, certificate of deposit for a security, <u>fractional undivided interest in oil, gas, or other mineral rights</u>, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security," or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

15 U.S.C. § 77b(1)(emphasis added).

5. "[C]ommon stock is the quintessence of a security." *Reves v. Ernst & Young*, 494 U.S. 56, 62, 110 S. Ct. 945, 950 (1990). The SouthTex stock is also a security because it gave Rastorguev an undivided interest in the oil and gas rights being purchased and developed by SouthTex.

6. The Special Purpose Loan Agreement is presumed to be a security. *Id.* at 65. The presumption may be rebutted only by a showing that the note bears a strong resemblance to one of the enumerated categories of instrument found by courts not to be securities, or a showing that another category of exempt loans should be recognized. *Id.* at 67; *Trust Co. v. N.N.P. Inc.*, 104 F.3d 1478, 1489 (5th Cir. 1997). The motion offers no evidence or showing to rebut the presumption.

7. The Special Purpose Loan Agreement also satisfies the *Reves* "family resemblance" test for a security. As to the motivations of the parties: "If the seller's purpose is to raise money for the general use of a business enterprise or to finance substantial investments and the buyer is interested primarily in the profit the note is expected to generate, the instrument is likely to be a 'security.'" *Reves, supra.* at 66. The stated purpose of the loan was to raise money for a substantial investment to generate profit. Complaint Ex. A Sections 2.2 (Purpose of the Loan), 3.2(A)(Aterra designated "To hold for investment appreciation the Lease."). The same language establishes that the reasonable expectations of the investor was to purchase a security. As to the plan of distribution, "[a] debt instrument may be distributed to but one investor, yet still be a security." *N.N.P. Inc., supra.* at 1489. Finally, no another regulatory scheme is alleged

which would significantly reduce the risk of the instrument rendering application of the Securities Acts unnecessary. The overwhelming if not entire balance of the *Reves* factors support a finding that the Special Purpose Loan Agreement is a security.

8. The Special Purpose Loan Agreement and the SouthTex common stock also qualify as "investment contracts" under the *Howey* test because they involve an investment of money in a common enterprise with profits to come solely from the efforts of others. *SEC v. W. J. Howey Co.*, 328 U.S. 293, 66 S. Ct. 1100 (1946); *Williamson v. Tucker*, 645 F.2d 404, 418 (5th Cir. 1981), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981).

9. In sum, Rastorguev's purchases were securities under the express terms of the Exchange Act, under the *Reves* "family resemblance" test, and also under the *Howey* test. The subject matter of the complaint is securities.

10. Rastorguev asserts that defendants, acting in concert, sold him the Special Purpose Loan Agreement and the stock in SouthTex Energy Corporation by means of fraud and deceit in violation of Section 10(b) of the Exchange Act and Rule 10b-5. Complaint ¶¶31-33; 37-43. Rastorguev's claims arise under the federal securities laws and confer subject matter jurisdiction on this Court under 28 U.S.C. §1331 and 15 U.S.C. § 78aa.

11. The Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. §1367 as the other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Wherefore, Plaintiff prays that Defendants' Motion to Dismiss be in all things Denied, and for such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By: /s/ *Sim Israeloff*

**SIM ISRAELOFF**
Texas Bar No. 10435380
**CHARLES A. GREEN**
Texas Bar No. 08347380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000 (Tel)
(214) 672-2326 (Fax)
E-mail: sisraeloff@cowlesthompson.com
cgreen@cowlesthompson.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of October, 2018, a true and correct copy of the foregoing document was delivered via the Court's ECF system to all counsel of record.

*/s/ Sim Israeloff*