UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NIKOLAY RASTORGUEV, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| DAVID SEPIACHVILI, § | CIVIL ACTION NO. 5:18-CV-00966 |
| DAVID A. SEPIASHVILI, § | |
| ATERRA EXPLORATION, LLC, § | |
| SOUTHTEX ENERGY CORP., § | |
| LEVEL ONE ADVISORS, INC., and § | |
| TIGHT ROCK COMPANY, LLC, § | |
| § | |
| Defendants. § | |

## ANSWER TO COUNTERCLAIM

Nikolay Rastorguev files this Answer to the Counterclaim of David Sepiachvili and Aterra Exploration, LLC and states as follows:

### General Denial

Pursuant to Rule 8(b), FED. R. CIV. P., Rastorguev denies generally all claims that are not specifically admitted herein.

### Failure to State a Claim and Pleading Defects

1. The Counterclaim fails to state a claim for which relief can be granted.

2. The Counterclaim fails to plead fraud with particularity as required by Rule 9(b), FED. R. CIV. P.

### Responses to Specific Averments

Rastorguev responds as follows to the following numbered paragraphs of the Counterclaim

3. Admit that David Sepiachvili held himself out as a person substantially experienced in identification and development of oil and gas exploration projects in

ANSWER TO COUNTERCLAIM - Page 1
1563923

Texas and abroad, but Rastorguev lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them. *See* Rule 8(b)(5), FED. R. CIV. P.

4.      Rastorguev lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5.      Rastorguev lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6.      Rastorguev lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.      Rastorguev admits that he was introduced by Khidirbekov to Defendant David Sepiachvili. Rastorguev lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

8.      Admit that Rastorguev invested in the KR Project, but deny as to the remainder of the allegations in Paragraph 8.

9.      Denied.

10.     Admit that the KR Project did not proceed but deny the remainder of the allegations of Paragraph 10.

11.     Denied.

12.     Denied.

13.     Admit that the parties executed a Special Purpose Loan Agreement, the terms of which speak for themselves. The reminder of the allegations in paragraph 17 are denied.

14.     Denied.

15. Admit that Aterra notified Rastorguev of the proposed "Austin Chalk Project" and Rastorguev visited Texas to discuss his participation. The remainder of the allegations of paragraph 15 are denied.

16. Admit the parties executed a term sheet, the contents of which speak for themselves. The remainder of the allegations of paragraph 20 are denied.

17. Admit Rastorguev contributed $800,000. Rastorguev lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

18. Denied.

19. Denied.

20. Admit that Rastorguev entered into agreements, limited to the Special Purpose Loan Agreement and the Austin Chalk Development Project Term Sheet, the contents of which speak for themselves.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

### Affirmative Defenses

1. Defendants' counterclaims are barred, in whole or part, by fraud, as more particularly set out in Plaintiff's complaint, which is incorporated herein by reference.

2. Defendants' counterclaims are barred, in whole or part, by prior material breach and/or repudiation of the contracts by Defendants.

3. Defendants' counterclaims are barred, in whole or part, by the terms of the Special Purpose Loan Agreement including but not limited to Section 9.17 (the written agreement supersedes all prior agreements and understandings); and the Austin Chalk Development Project Term Sheet including but not limited to Funding ¶2 (Aterra to contribute $1 million in wells or cash) and Management ¶3 (Aterra's fees contingent on completion of fracking and receipt by SouthTex of at least $2.5 million in sales).

4. Defendants' counterclaims are barred, in whole or part, by the applicable statutes of frauds including Chapter 26 of the Texas Business & Commerce Code.

5. To the extent, if any, that the counterclaim is based on transactions or events more than four years before suit was filed, Defendants' counterclaims are barred, in whole or part, by the applicable statutes of limitations.

6. Defendants' counterclaims are barred, in whole or part, by Defendants' inequitable conduct including violation of securities laws, theft, breach of fiduciary duty and civil conspiracy, as more fully set forth in Rastorguev's complaint, and the doctrine of unclean hands.

7. Defendants' counterclaims are barred, in whole or part, by waiver, estoppel and laches.

## PRAYER

Wherefore, Rastorguev prays that Defendants take nothing by their counterclaims, that Rastorguev recover judgment against all Defendants as prayed for in his complaint, and for such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

By: /s/ *Sim Israeloff*

    **SIM ISRAELOFF**
    Texas Bar No. 10435380
    **CHARLES A. GREEN**
    Texas Bar No. 08347380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000 (Tel)
(214) 672-2326 (Fax)
E-mail: sisraeloff@cowlesthompson.com
       cgreen@cowlesthompson.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 31st day of October, 2018, a true and correct copy of the foregoing document was forwarded to all counsel of record via the Court's ECF filing system.

/s/ *Sim Israeloff*
**SIM ISRAELOFF**