UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NIKOLAY RASTORGUEV | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:18-CV-00966-FB |
| DAVID SEPIACHVILI, DAVID A. SEPIASHVILI, ATERRA EXPLORATION, LLC, SOUTHTEX ENERGY CORP., LEVEL ONE ADVISORS, INC., and TIGHT ROCK COMPANY, LLC, | § § § § § § § § | |
| Defendants. | § | |

## RESPONSE TO MOTION TO COMPEL ARBITRATION

Respectfully submitted,

**RAYMOND J. MARKOVICH**
351 Westbourne Drive
West Hollywood, CA 90048
(323) 401-8032
Fax: (212) 634-4546
rjmarkovich@me.com

By: /s/ *Raymond J. Markovich*
Raymond J. Markovich
New York Bar No. 2582419
*Pro Hac Vice*
**ATTORNEY FOR PLAINTIFF**

Plaintiff Nikolay Rastorguev ("Plaintiff") files this Response to Defendants' Motion to Compel Arbitration ("Motion") and states as follows.

**IMPACT OF HENRY SCHEIN, INC.**

The Supreme Court's opinion in *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S.Ct. 524 (January 8, 2019) has no direct application as Plaintiff does not contend that the motion should be denied as "wholly groundless." The opinion reiterates two key holdings, however. The first is that arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms. *Id.* at 529. The second is that courts "should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Id. at* 531. The same standard was adopted for Texas in *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 637 (Tex. 2018) (A presumption favors adjudication of arbitrability by the courts absent clear and unmistakable evidence of the parties' intent to submit that matter to arbitration). These holdings support Plaintiff's opposition as discussed below.

## I. INTRODUCTION

On March 25, 2020, Arbitrator Richard Alsup issued an award, concerning the Special Purpose Loan Agreement ("SPLA"), in Plaintiff's favor and jointly and severally against all Defendants (except Level One Advisors, Inc. ("Level One")) in the amount of $1,800,000 for Plaintiff's causes of action based upon breach of contract, fraud and breach of fiduciary duty and also Plaintiff's attorney's fees of $35,000. [DKT 49-1]. To date, Defendants have paid nothing to Plaintiff to satisfy the award.[1]

Now Defendants, having already lost on fraud as concerns the SPLA, are attempting to

---

[1] The total amount payable by Defendants (except Level One) to Plaintiff is $1,782,906 plus interest after set-off of awarded sums as specified in the award [DKT 49-1].

compel Plaintiff's Austin Chalk claims into arbitration in order to avoid punitive damages and to restrict discovery to 50 written questions even though the Austin Chalk Term Sheet ("Term Sheet") [DKT 2, p. 41-49] has no arbitration clause and contains an additional party that was not a signatory to the SPLA. [DKT 2, p. 1-27].

## II. FACTS

### SPLA

The only signatories to the SPLA executed as of December 3, 2015 were Plaintiff and Defendant Aterra Exploration, LLC ("Aterra"). [DKT 2, p. 1-27]. The SPLA provides that it is to be governed by the laws of the state of Texas. [DKT 2, p. 1-27, § 9.13]. The SPLA contains an arbitration clause, which is limited by its terms to arbitration of disputes "between the Parties". [*Id. at* § 8.2]. "Parties" is a defined term meaning Rastorguev and Aterra. [*Id. at* the opening paragraph]. The SPLA contains an integration clause at § 9.17 that states that the SPLA "supersedes all prior agreements" between the Parties "relating to the subject matter" of the SPLA. [*Id. at* §9.17]. The "subject matter" of the SPLA is the "Prospect" which is defined as 1 mile around the area covered by the Eagle Ford Lease within Frio County, Texas. [*Id. at* 2-5 and § 1.1]. The SPLA also contains an amendment clause at § 9.8 which requires any amendment or waiver to any provision of the SPLA to be in writing and signed by all Parties. [*Id. at* § 9.8]. Nowhere in Defendants papers could Plaintiff find an assertion that the Term Sheet is somehow an amendment to the SPLA.

### Term Sheet

The signatories to the Term Sheet executed as of July 11, 2016 were Rastorguev, Defendant SouthTex Energy Corporation ("SouthTex") and Aterra. [*Id.* at 49]. The Term Sheet contains no arbitration agreement or clause and the Term Sheet is not specified or denoted to be an amendment

to the SPLA. [*Id.* at 42-49]. The Term Sheet is an independent investment and/or shareholder agreement with the "subject matter", "prospects" and/or Project" being the Austin Chalk formation. [*Id.* at 43].

## III. DISCUSSION

### A. Attera – Signatory To The SPLA

"A party seeking to compel arbitration must: (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement. *Delfingen US-Texas, L.P. v. Valenzuela*, 407 S.W.3d 791, 797 (Tex.App.—El Paso 2013, no pet.). The initial burden of establishing an arbitration agreement's existence is evidentiary and runs with the party seeking to compel arbitration. *United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 812 (Tex.App.—El Paso 2014, no pet.). Whether the parties agreed to be bound to an arbitration agreement is *118 a contract formation question we review *de novo*, deferring to the trial court's findings of historical fact as between the parties so long as those determinations are supported by legally sufficient evidence. *Kmart Stores of Tex., L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex.App.—El Paso 2016, pet. denied). The fact that a party has signed a contract creates a strong presumption that the party has assented to the terms of the contract." *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 117–18 (Tex. App.—El Paso 2018, no pet.).

Whether Plaintiff and Aterra agreed that the Term Sheet would be subject to the SPLA's arbitration agreement is a contract formation question. *Id.*

"Courts are not permitted to rewrite an agreement or add to its language, making it mean something different than originally intended." *Atmos Energy Corp. v. Paul*, 598 S.W.3d 431, 445 (Tex. App.—Fort Worth 2020, no pet.).

If the Term Sheet had been titled "Amendment to the SPLA" or had some other term or

clause indicating that it was in some manner an amendment to the SPLA so as to satisfy the amendment clause at § 9.8 in the SPLA which requires any amendment or waiver to any provision of the SPLA to be in writing and signed by all Parties. [*Id.* at § 9.8], then Plaintiff would concede that Aterra can compel arbitration on the Term Sheet as concerns Aterra. However, the Term Sheet contains no such title, term or clause.

Furthermore, the "subject matter" of the SPLA is the "Prospect" which is defined as 1 mile around the area covered by the Eagle Ford Lease within Frio County, Texas. [*Id.* at 2-5 and § 1.1] whereas the Term Sheet is an independent investment and/or shareholder agreement with the "subject matter", "prospects" and/or Project" being the Austin Chalk formation. [*Id.* at 43].

Defendants ignore the foregoing formation and subject matter problems and assert that the arbitration clause at § 8.2 of the SPLA is "broad" and applies to "any agreement, contract or any other transaction" between Aterra and Plaintiff. [Motion, p. 3].

But to interpret the SPLA as Defendants desire and compel arbitration of the Austin Chalk claims covered by the Term Sheet, under the test in *Ridge Nat. Res.,* this Court would have to rewrite the SPLA and/or Term Sheet as follows:

(1) change the title of the Term Sheet to "Amendment to the SPLA" or add some other term or clause indicating that it was in some manner an amendment to the SPLA so as to satisfy the amendment clause at § 9.8 in the SPLA which requires any amendment or waiver to any provision of the SPLA to be in writing and signed by all Parties [*Id.* at § 9.8];

(2) redefine the "Prospect" in the SPLA as anything in the universe, or at least in Texas, as opposed to its current definition of 1 mile around the area covered by the Eagle Ford Lease within Frio County, Texas [*Id.* at 2-5 and § 1.1];

(3) strike both §§ 9.8 and 9.17 of the SPLA as they are inconsistent with Defendants' desired interpretation of § 8.2 of the SPLA; and

(4) add the word "future" to § 8.2 of the SPLA so that § 8.2 now states any "future agreements, contracts, or any other transaction between the Parties".

Under *Atmos Energy,* some or all of the foregoing rewrites seem impossible and the Motion should be denied in its entirety. *Atmos Energy Corp. v. Paul*, 598 S.W.3d 431, 445 (Tex. App.—Fort Worth 2020, no pet.).

**B.    Defendants Not Signatories To The SPLA**

For the reasons stated *supra*, Aterra cannot compel arbitration of the Austin Chalk claims covered by the Term Sheet so neither can the remaining non-signatory defendants.

Even if this Court were to rule that Aterra could compel arbitration of the Austin Chalk claims, which it should not, the Texas Supreme Court's decision in *Jody James Farms* confirms that the non-signatory Defendants may not compel arbitration. The Court did not adopt the so-called "intertwined-claims" theory relied upon by the Motion. (Motion p. 4-5). *Jody James Farms,* 547 S.W.3d at 639; *Natgasoline LLC v. Refractory Constr. Servs., Co. LLC,* 566 S.W.3d 871, 889 (App.—Houston [14th Dist.] Dec. 18, 2018)(intertwined claims estoppel "has not been adopted by the Supreme Court of Texas."). A federal court may not fashion claims not yet recognized by the state's highest court. *Christopher v. DePuy Orthopaedics, Inc. (In re DePuy Orthopaedics, Inc.)*, 888 F.3d 753, 781 (5th Cir. 2018); *Mayo v. Hyatt Corp.*, 898 F.2d 47, 49 (5th Cir. 1990)("it is not for us to adopt innovative theories of recovery under state law," citing *Mitchell v. Random House*, 865 F.2d 664, 672 (5th Cir. 1989). Even if the non-signatory Defendants' assertion that the claims against them are "factually intertwined" or "inseparable" from the claims against Aterra under the SPLA were correct, it would not entitle them to compel arbitration.

Defendants next assert that under *Meyer*, the non-signatories can compel arbitration because the SPLA has an arbitration clause and Plaintiff must rely upon the terms of the SPLA in asserting his claims against the non-signatories, but this assertion fails for the reasons explained both *supra* and *infra*. [Motion, p. 5].

Finally, Defendants assert that under *Cooper Indus.* and *Ascendant*, they can compel arbitration under § 8.2 of the SPLA because they are agents or affiliates of Aterra [Motion, p. 5] but this again fails because Aterra cannot compel arbitration for the reasons explained both *supra* and *infra*.

The Motion should be denied in its entirety.

C.  **Substantive Unconscionability**

In *Ridge Nat. Res.* The Court of Appeals held that a provision in an arbitration agreement prohibiting or preventing the collection of punitive or exemplary damages is unconscionable and cannot be enforced. *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 136–138 (Tex. App.—El Paso 2018, no pet.).

§ 8.3 of the SPLA attempts to prohibit and prevent the collection of punitive or exemplary damages by Plaintiff. [DKT 2, p. 1-27, § 8.3]. § 8.2 of the SPLA also attempts to limit discovery to no more than 50 written questions. [*Id.* at § 8.2]. The SPLA does not have a severance clause. [DKT 2, p. 1-27].

Defendants (except Level One) already lost on fraud to Plaintiff as concerns the SPLA [DKT 49-1] so it would be substantively unconscionable to allow them to enforce any prohibition on punitive or exemplary damages or restrict Plaintiff in discovery which could allow Defendants to hide further frauds committed by Defendants against Plaintiff.

In light of the foregoing, in the event that this Court determines that the SPLA arbitration

agreement does apply to the Term Sheet, this court should invalidate the SPLA arbitration agreement as concerns the Term Sheet and deny the Motion on these grounds or in the alternative, this Court should sever SPLA § 8.3 concerning the prohibition on punitive damages and SPLA § 8.2 restrictions on discovery.

## IV. PRAYER

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order denying the Motion in its entirety or, in the alternative, severing SPLA § 8.3 concerning the prohibition on punitive damages and SPLA § 8.2 restrictions on discovery, and order such further relief to which Plaintiff may be justly entitled.

## ECF SERVICE

This is to certify that on July 15, 2020, a true and correct copy of the foregoing was served electronically upon all parties receiving notice via the Court's ECF/PACER system.

By: /s/ *Raymond J. Markovich*
Raymond J. Markovich
New York Bar No. 2582419
*Pro Hac Vice*
**ATTORNEY FOR PLAINTIFF**