**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
**International Arbitration Tribunal**

| | | |
|---|---|---|
| NIKOLAY RASTORGUEV | § | Case No. 01-20-0014-8804 |
|     Claimant, | § | |
| | § | |
| v. | § | |
| | § | |
| DAVID SEPIACHVILI, | § | |
| DAVID A. SEPIASHVILI, | § | |
| ATERRA EXPLORATION, LLC, | § | |
| SOUTHTEX ENERGY CORP., | § | |
| LEVEL ONE ADVISORS, INC., and | § | |
| TIGHT ROCK COMPANY, LLC, | § | |
|     Respondents. | § | |

## FINAL AWARD

### I. Factual Background

In 2016, Claimant and Aterra entered into that certain Term Sheet entitled "Austin Chalk Development Project." The document provided Claimant would pay $1,000,000.00 in exchange for shares; however, only $800,000.00 was contributed. Nevertheless, there was no date provided by which the total amount would be due and all the testimony was consistent that the $800,000.00 contributed by Claimant was for acquisition of property and the remainder would be provided when a property acquired was ready for further development.

Whether the Term Sheet constituted a binding contract or not, it did establish certain representations from Aterra and its principals and created a fiduciary duty between Claimant and the Officers of SouthTex Energy Corporation, including Respondents David A. Sepiashvili and David G. Sepiachvili (identified as simply David Sepiachvili in the Demand), who controlled the funds contributed.

Material among those representations were that acquisition of the prospects would commence on receipt of funds and that the cash contributed would be *immediately* and *strictly* used in acquisition of prospect(s).

This did not occur and had the events stopped there, all would be well because the money could be returned. The evidence is undisputed that a wire for $800,000.00 was received by SouthTex from Claimant on July 22, 2016. On July 28, 2016 a wire transfer occurred between SouthTex, upon the instruction of David G. Sepiachvili, and Tight Rock, an entity wholly owned and controlled by David A. Sepiashvili, for $800,000.00 (U.S.). These funds were in fact the funds provided by Claimant. Prior to this transfer the balance of Tight Rock's account was only $38,000.00. Upon receipt of the $800,000.00 wire transfer, Tight Rock, an entity wholly owned by David A. Sepiashvili, began transferring the funds, not to acquisitions, but to other sources –

some at the direction of David G. Sepiachvili, including a transfer to Level One Advisors, Inc., an entity wholly owned and controlled by David G. Sepiachvili.

The funds were never recovered by SouthTex, nor returned to Claimant, although both Messrs. Sepiachvili and Sepiashvili contend an acquisition was "later" made at a purported value of $800,000.00 (the so called Ruisinger prospect). There was no credible evidence presented of the value of this prospect and a reasonable inference from the evidence is that it was provided out of inventory from other transactions purchased at a substantially lower price as part of a package which included more than the Ruisinger well.

The timing of the above transactions lead the arbitrator to conclude that Respondents made material misrepresentations, relied upon by Claimant, and that the misrepresentations were made with the requisite intent to support recovery under several theories. In short, the money once received by Respondents and under their control, was never intended to *immediately* and *strictly* acquire an oil and gas prospect for future development. Moreover, the evidence leads to the conclusion that further development using Aterra's funds as agreed to was not contemplated by Respondents nor possible.

These are the facts upon which the Final Award is based.

## II. Law of the Case:

The Arbitrator does not believe it is necessary to rely on the Final Award in the prior arbitration titled ICDR Case No. 01-19-0003-1166; *In the Matter of the Arbitration between Nikolay Rastorguev and David Sepiachvili, David A. Sepiashvilli, Aterra Exploration, LLC, SouthTex Energy Corporation, Level One Advisors, Inc., and Tight Rock Company, LLC*, dated March 25, 2020, and has not done so.

## III. Violation of 10(b) and Rule 10b-5

This is a case of garden variety fraud with additional liability under the Texas Theft Liability Act. It was a transaction or attempted transaction between two parties and the Arbitrator concludes it is not covered by Securities Laws as alleged.

## IV. Fraud

As noted above, the facts and reasonable inferences drawn from such facts support an award based upon Common Law Fraud and fraud in the inducement. All respondents participated in such fraud and are therefore jointly and severally liable.

## V. Theft

The facts summarized above support a joint and several award against all Respondents, including the recovery of attorney's fees and cost, under the Texas Theft Liability Act.

## VI. Breach of Fiduciary Duty

It can be reasonably inferred that prior transactions created a relationship of trust and confidence giving rise to fiduciary duties; however, there is no dispute that Messrs. Sepiachvili and Sepiashvili, both of whom were officers of SouthTex, in taking control of the SouthTex funds provided to SouthTex for a particular purpose stood in the role of fiduciaries as a matter of law. The remaining Respondents were knowing participants in the breaches of fiduciary duty that lead to the loss of $800,000.00 and are, therefore, jointly and severally liable under Texas Law.

## VII. Breach of Contract

The contract, if one was made at all, was between Aterra and Claimant. The Arbitrator deems it unnecessary to reach the question of whether or not the "Austin Chalk Development Project" constituted a valid and binding contract. Damages equal or greater to any award for breach of contract have been awarded under other theories as to all parties.

## VIII. Civil Conspiracy

The facts summarized above present the rare case that supports a claim of Civil Conspiracy against all Respondents. The Arbitrator finds that there was an agreement among all Respondents sufficient to support a finding of Civil Conspiracy. This conclusion supports the award of joint and several liability presented herein. Having found the existence of a Civil Conspiracy as to all Respondents, it is not necessary to reach the claims of *Respondeat Superior* or *Vice Principal* liability.

## IX. Affirmative Defenses

The Arbitrator is not persuaded that the preponderance of credible evidence supports a finding of the applicability of the affirmative defenses raised, namely Accord and Satisfaction, Failure to Mitigate Damages, or Estoppel.

## X. Conclusion

Knowledge of the oil and gas industry or use of land brokerage firms cannot and does not justify in any way the taking of another's funds under false pretenses and using the funds for other purposes. The efforts to cover with a lease of unknown – if any - value are unavailing and did not serve to make Claimant whole for the funds taken and wrongly used by Respondents.

## XI. Final Award

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Second Arbitration Agreement between the parties dated September 15, 2020 and pursuant to the US District Court Order dated August 14, 2020, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, hereby AWARD as follows:

(1) Respondents, jointly and severally, shall pay to Claimant the sum of US$800,000.00 (U.S.) within thirty (30) days of the date hereof;

(2) This Final Award shall bear interest at the rate of five percent (5%) per annum commencing thirty (30) days from the date of transmittal of the award to the parties.

(3) Respondents, jointly and severally, shall pay to Claimant US$170,000.00 (U.S.) representing reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code Ann § 134.003(a)(b) within thirty (30) days of the date hereof;

(4) The administrative fees of the International Centre for Dispute Resolution ("ICDR"), a division of the American Arbitration Association, totaling US$12,875.00 and the compensation of the Arbitrator totaling US$20,800.00 shall be borne by Respondents, jointly and severally. Therefore, within 30 days from the transmittal of the Final Award to the parties, Respondents shall jointly and severally reimburse Claimant the sum of US$23,275.00, representing that portion of said fees and compensation in excess of the apportioned costs previously incurred by Claimant.

I hereby certify that, for the purposes of Article I of the New York Convention of 1958, on Recognition and Enforcement of Foreign Arbitral Awards, the Final Award was made in Midland, Texas, USA.

Signed this 26th day of August, 2021

_____
Harper Estes,
Arbitrator

I, Harper Estes, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Final Award.

_____
Harper Estes,
Arbitrator